

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ASHLEY HICKS, et al.,

              Plaintiffs,          **DECISION AND ORDER**

                                      13-CV-06455 EAW

      v.

T.L. CANNON CORP., et al.,

              Defendants.
_____

## INTRODUCTION

On August 5, 2014, this Court entered a Decision and Order granting Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23 (Dkt. 143), granting in part and denying in part Plaintiffs' motion for partial summary judgment (Dkt. 144), and denying Defendants' motion for partial summary judgment (Dkt. 176). (Dkt. 205) (the "August 5th Decision and Order"). The Court further set certain deadlines with respect to class certification. (*Id*). Familiarity with the August 5th Decision and Order and the underlying facts of this case are presumed for purposes of this Decision and Order.

On August 18, 2014, Defendants filed a motion for an order staying compliance with the class certification deadlines set forth in the August 5th Decision and Order and staying discovery pending the conclusion of court-ordered mediation and a ruling on

Defendants' to-be-filed motion for reconsideration of the August 5th Decision and Order. (Dkt. 208) (the "Motion to Stay").

On September 2, 2014, Defendants filed a motion for reconsideration of portions of the August 5th Decision and Order. (Dkt. 214) (the "Motion for Reconsideration"). In particular, Defendants ask the Court to reconsider its decision granting partial summary judgment to Plaintiff Kristen Raymond with respect to her wage notice claim and to reconsider its decision certifying the Rule 23 class with respect to Plaintiffs' pay stub claims. Plaintiffs oppose both the Motion to Stay and the Motion for Reconsideration. (Dkt. 218, 221).

For the reasons set forth below, the Court denies the Motion to Stay and the Motion for Reconsideration. The parties are ordered to provide the class certification submissions required by the August 5th Decision and Order within twenty (20) days of entry of this Decision and Order.

## DISCUSSION

I.  **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285,

2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As noted by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Village of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *U.S. v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Defendants seek reconsideration of two aspects of the August 5th Decision and Order. First, Defendants argue that the Court's decision that Defendants were liable to Plaintiff Kristen Raymond for having failed to provide her with a wage notice that

complied with the relevant New York State regulations was "manifestly unjust" and should be reconsidered. (Dkt. 214-1 at 11). Second, Defendants argue that the Court's certification of a Rule 23 class with respect to Plaintiffs' pay stub claims was "clearly erroneous because Plaintiffs have failed to satisfy the commonality, typicality and predominance requirements" of Rule 23. (*Id.*). The Court considers each of these arguments below.

### A. Ms. Raymond's Wage Notice Claim

In the August 5th Decision and Order, the Court held: "Plaintiffs' motion for partial summary judgment on the wage notice claim is granted as to Ms. Raymond against her former employer, TLC West, LLC. . . . Defendants were not entitled to take a tip credit and they are therefore liable to Ms. Raymond for paying her less than the standard minimum wage." (Dkt. 205 at 31). Defendants argue that the Court's conclusion was incorrect because Defendants were entitled to the statutory affirmative defense set forth in New York Labor Law ("NYLL") § 198(1-b). The statute provides in relevant part:

> In any action or administrative proceeding to recover damages for violation of **paragraph (d) of subdivision one of section one hundred ninety-five of this article**, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to subdivision one of section one hundred ninety-five of this article.

NYLL § 198(1-b) (emphasis added).

Defendants' argument lacks merit and fails to meet the standard for granting a motion to reconsider. As a threshold matter, Defendants did not raise the NYLL § 198(1-b) affirmative defense on Ms. Raymond's wage notice claim in their papers submitted in opposition to Plaintiffs' motion for partial summary judgment, nor did they raise the affirmative defense in support of their own motion for partial summary judgment. (*See* Dkt. 176-13; 197). Defendants did reference in a footnote a different subsection of NYLL § 198 (specifically § 198(1-d)) that sets forth an affirmative defense for certain pay stub violations (*see* Dkt. 176-13 at 15 n. 22), but again, they never discussed or even cited NYLL § 198(1-b). Instead, Defendants raised the issue of their alleged entitlement to an affirmative defense under NYLL § 198(1-b) for the first time at the oral argument on the competing motions for partial summary judgment. (*See* Dkt. 205 at 29). It is well-established that arguments raised for the first time at oral argument are waived for purposes of a summary judgment motion. *See Monroe v. Xerox Corp.*, 664 F. Supp. 2d 235, 243 (W.D.N.Y. 2009); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006). As such, the Court was under no obligation to even consider Defendants' affirmative defense argument on the wage notice claim. The Court cannot have committed clear error by not having accepted a waived argument.

Moreover, "a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005). Here, Defendants could have raised the issue of their

claimed entitlement to the NYLL § 198(1-b) affirmative defense in either their own motion for partial summary judgment or in opposition to Plaintiffs' motion for partial summary judgment. Their decision not to do so is no basis for reconsideration.

Even if Defendants had properly raised the NYLL § 198(1-b) affirmative defense, they have failed to demonstrate an intervening change in controlling law, the discovery of new evidence, or the existence of a clear error sufficient to justify reconsideration. In the August 5th Decision and Order, the Court applied the plain language of the statute, which limits its applicability to "any action or administrative proceeding to recover damages for violation of paragraph (d) of subdivision one of section one hundred ninety-five of this article. . . ." NYLL § 198(1-b). In other words, the plain language of NYLL § 198(1-b) indicates that it does not apply to a wage notice claim such as the one brought by Ms. Raymond.

In the Motion for Reconsideration, Defendants argue for the first time that "the reference in the statute to §195(1)(d) is a typo and should read §195(1)(a)." (Dkt. 214-1 at 10). In support of this argument, Defendants rely upon a proposed amendment to NYLL § 198 recently passed by the New York State Assembly and the New York State Senate, but not currently enacted into law. (*Id.*). This proposed amendment would modify the affirmative defense to replace the phrase "paragraph (d) of subdivision one of section one hundred ninety-five of this article" with the phrase "paragraph (A) of subdivision one of section one hundred ninety-five of this article. . . ." (Dkt. 214-3 at 13). Defendants also submit a separate proposed amendment currently pending in the

New York State Assembly which would omit the words "paragraph (d)" from the affirmative defense, making it applicable to "any action or administrative proceeding to recover damages for violation of subdivision one of section one hundred ninety-five of this article. . . ." (*Id.* at 5). According to Defendants, these proposed amendments demonstrate that the reference to paragraph (d) was a typographical error that did not reflect the legislative intent. In other words, according to Defendants, the Court should determine that, notwithstanding the plain language of the statute, the affirmative defense applies in actions brought pursuant to NYLL § 195(1)(a).

The interpretation of a New York State statute is governed by New York State law. *See Allstate Ins. Co. v. Serio*, 261 F.3d 143, 150 (2d Cir. 2001). Defendants have not cited, and the Court has not discovered in its own research, a single New York State case holding that a court may correct a purported "typo" in a statute based on reference to bills introduced by subsequent sessions of the Legislature. While it is true that, under New York law, "[s]ound principles of statutory interpretation generally require examination of a statute's legislative history and context to determine its meaning and scope," *N.Y. State Bankers Ass'n v. Albright*, 38 N.Y.2d 430, 434 (1975), subsequently introduced bills are not part of a statute's legislative history. *See Home Grp., Inc. v. C.I.R.*, 875 F.2d 377, 381 n.7 (2d Cir. 1989) ("[D]educing original legislative intent regarding the statutory provisions in question on the basis of actions taken by [the legislative body] years later is at best a hazardous undertaking."). The proposed amendments relied upon by Defendants do not change the Court's previous conclusion

that the NYLL § 198(1-b) affirmative defense, as enacted and currently written, does not apply to Ms. Raymond's claims.

Defendants have not presented evidence sufficient to overcome the "preeminent canon of statutory interpretation" that "requires [a court] to presume that the legislature says in a statute what it means and means in a statute what it says there." *In re Barnet*, 737 F.3d 238, 246 (2d Cir. 2013) (quotation omitted). If the current language of NYLL § 198(1-b) fails to encompass all actions the New York State Legislature wishes to be subject to the affirmative defense set forth therein, it is that body, and not this Court, that must expand it. *See Hernandez v. Barrios-Paoli*, 93 N.Y.2d 781, 788 (1999) ("[A] court's role is not to delve into the minds of legislators, but rather to effectuate the statute by carrying out the purpose of the statute as it is embodied in the words chosen by the Legislature.") (quotation omitted).

Defendants' remaining arguments in support of the Motion for Reconsideration simply rehash their arguments already rejected by this Court. Although Defendants once again argue vehemently that the provisions of the regulations at issue conflict with the relevant New York State statutes, the Court has already disposed of this argument. (*See* Dkt. 205 at 29-30). A motion for reconsideration is not "an occasion for repeating old arguments previously rejected. . . ." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Dinsio v. F.B.I.*, No. 05-CV-6159L, 2007 WL 2581214, at *1 (W.D.N.Y. Sept. 5, 2007) ("Reconsideration is not an appropriate forum

for rehashing previously rejected arguments.") (quotation omitted). Defendants have failed to articulate any reason for the Court to revisit its prior ruling.

For the foregoing reasons, the Motion for Reconsideration is denied with respect to the Court's decision granting partial summary judgment in favor of Ms. Raymond on her wage notice claim.

### B.   Certification of the Rule 23 Class

With respect to the Court's ruling on Plaintiffs' motion for certification of a class pursuant to Rule 23, Defendants argue, in essence, that the Court's decision not to grant summary judgment to Ms. Hicks or Ms. Raymond on their pay stub claims renders those claims not susceptible to class-wide treatment. (Dkt. 214-1 at 25, 29) ("In denying Plaintiffs' and Defendants' motions for summary judgment on the pay stub claims, this Court has in effect held that liability cannot be determined on a class-wide basis with the evidence submitted."). Defendants' argument is without merit.

As Plaintiffs point out, Defendants have again raised new arguments that could and should have been raised during the previous briefing. Defendants' underlying arguments regarding typicality, commonality, and predominance are consistent with the arguments they made in opposition to Plaintiffs' motion for partial summary judgment and Defendants have not offered any reason why they could not have also raised them in opposition to the class certification motion. As noted above, "a party is barred from making for the first time in a motion for reconsideration an argument it could readily

have raised when the underlying issue was being briefed but chose not to do so." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005).

Defendants have also misapprehended the reasoning and holding of the August 5th Decision and Order. The Court determined that, *on the record currently before it and at this early stage of the case*, Plaintiffs had not born their burden of demonstrating that they were entitled to judgment in their favor on their pay stub claims as a matter of law. It does not necessarily follow that there must be an individualized inquiry into precisely what and when each putative plaintiff understood about their pay or that class-wide proof is not possible. Although Defendants claim that "the pay stubs for each individual plaintiff differ from week to week, depending on the positions in which they worked," (Dkt. 214-1 at 30), there is no evidence in the record that the claimed "differences" have any relevance to the issues in this case. The sole difference discussed by Defendants is that, where potential plaintiffs worked in non-tipped occupations, their pay stubs listed their "regular earning rate," which was equal to the standard minimum wage. As set forth below, Defendants have failed to demonstrate that this difference has any practical effect for purposes of this case.

Defendants again attempt to rehash arguments already rejected by this Court. Defendants' continued reliance on their "simple math" argument (*see* Dkt. 214-1 at 26-27) is misplaced. As the Court explained in the August 5th Decision and Order, this argument is based on a Ninth Circuit Court of Appeals case interpreting and relying upon California law that does not appear to have any analogue in New York law. (Dkt. 205 at

24). Additionally, the "sample pay stub" that Defendants claim lists the standard minimum wage does no such thing. (Dkt. 214-1 at 26). The sample pay stub lists the "regular earning rate" for the employee at issue, without any indication that this "regular earning rate" is in fact the statutorily mandated minimum wage. (*Id.*). Even were the Court inclined to extend the interpretation of California law set forth in *Hernandez v. BCI Coca-Cola Bottling Co.*, 554 F. App'x 661 (9th Cir. 2014), to New York State law, Defendants have still failed to demonstrate that they provided pay stubs setting forth the figures needed to perform the so-called "simple math" that would reveal the allowance being taken without reference to outside sources.

Defendants also argue that the cases cited by the Court in the August 5th Decision and Order are "distinguishable" from this case. (Dkt. 214-1 at 28-31). "Even assuming the facts of those cases are distinguishable, their holdings . . . are still applicable." *Stuart v. Paulding*, No. 1:12-CV-0025, 2014 WL 2011240, at *3 (N.D.N.Y. May 16, 2014). The Court thoroughly considered and analyzed these cases prior to citing them in the August 5th Decision and Order. The factual differences identified by Defendants do not change the Court's conclusions.

As set forth in great detail in the August 5th Decision and Order, Plaintiffs have adequately demonstrated that class certification is appropriate in this matter. None of the grounds raised by Defendants in the Motion for Reconsideration change this conclusion. Defendants' Motion for Reconsideration is denied. As such, the Court directs the parties to work in good faith to agree on any necessary revisions to the Court's proposed

subclasses set forth in the August 5th Decision and Order or, if an agreement cannot be reached, to submit any proposed changes to the Court's proposed redefinition outlining each parties' respective positions within twenty (20) days of entry of this Decision and Order. Additionally, the parties are directed to confer in good faith and submit a joint letter to the Court proposing a single form of notice for the Rule 23 class within twenty (20) days of entry of this Decision and Order.

## II. Motion to Stay

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "The person seeking a stay bears the burden of establishing its need." *Id.* (quotation omitted). The Court should not delay the prosecution of an action unless the interests of justice so require. *Id.*

Because the Court has determined that the Motion for Reconsideration is without merit, the Motion to Stay is moot to the extent it relies upon it. The only other ground to stay set forth by Defendants is the timing of court-mandated mediation. (*See* Dkt. 208 at 1). In particular, Defendants argue that the Court should stay discovery pending mediation "to save precious judicial resources and the resources of the parties on needless litigation." (Dkt. 208-2 at 5). The Court has ordered the parties to complete an initial mediation session no later than October 31, 2014. (Dkt. 207).

The Western District of New York's Alternative Dispute Resolution Plan (the "ADR Plan") provides that: "[t]he referral of a case to ADR does not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial." ADR Plan, § 4.1(C). As such, the Court does not stay discovery pending completion of court-mandated mediation as a matter of course. In this case, Defendants argue that discovery is likely to be extensive and costly and that it is thus in the interests of justice to briefly stay discovery pending the outcome of mediation. Plaintiffs oppose Defendants' request for a stay.

Defendants, as the parties seeking a stay, bear the burden of showing good cause to delay the progress of this litigation. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). They have failed to do so. The ADR Plan contemplates mediation proceeding in tandem with the ordinary progress of a case and is designed not to introduce delay. Defendants have not demonstrated that the burden of discovery in this case will be so extensive or unusual as to justify a departure from the procedures set forth in the ADR Plan. This case was commenced more than two years ago and, as Defendants themselves point out, significant discovery has already occurred. (*See* Dkt. 219 at 10) (Defendants have already produced in excess of 50,000 documents in this case and the parties have taken numerous depositions). The Court is not persuaded that discovery should be halted pending mediation. The Motion to Stay is denied.

## CONCLUSION

For the reasons set forth above, the Motion to Stay and the Motion for Reconsideration are denied. The Court directs the parties to work in good faith to agree on any necessary revisions to the Court's proposed subclasses set forth in the August 5th Decision and Order or, if an agreement cannot be reached, to submit any proposed changes to the Court's proposed redefinition outlining each parties' respective positions within twenty (20) days of entry of this Decision and Order. Additionally, the parties are directed to confer in good faith and submit a joint letter to the Court proposing a single form of notice for the Rule 23 class within twenty (20) days of entry of this Decision and Order. The Court further directs the parties to comply with the mediation deadlines set forth in the Court's Mediation Order dated August 11, 2014. (Dkt. 207).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 8, 2014
       Rochester, New York