UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY HICKS, et al.,

        Plaintiffs,

v.

T.L. CANNON CORP., et al.,

        Defendants.

**DECISION AND ORDER**

13-CV-06455 EAW

On August 5, 2014, this Court entered a Decision and Order granting Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23 (Dkt. 143), granting in part and denying in part Plaintiffs' motion for partial summary judgment (Dkt. 144), and denying Defendants' motion for partial summary judgment (Dkt. 176). (Dkt. 205 (the "August 5th Decision and Order")). Familiarity with the August 5th Decision and Order and the underlying facts of this case is presumed for purposes of this Decision and Order.

On September 2, 2014, Defendants filed a motion for reconsideration of portions of the August 5th Decision and Order. (Dkt. 214 (the "Motion for Reconsideration")). The Court denied the Motion for Reconsideration on October 8, 2014. (Dkt. 224). On October 9, 2014, United States Magistrate Judge Marian W. Payson entered a scheduling order pursuant to which discovery in this matter is to be completed by April 1, 2015, and dispositive motions are to be filed by June 1, 2015. (Dkt. 225).

On October 31, 2014, Plaintiffs filed a second motion for partial summary judgment. (Dkt. 228). Plaintiffs ask the Court to grant summary judgment to Subclass A, as defined in

the yet-to-be-approved notice proposed by the parties, on their pay statement claims. Notably, the Court expressly denied Plaintiffs' request for summary judgment on these claims in the August 5th Decision and Order. (*See* Dkt. 205 at 23).

"[T]he Court . . . has discretion to review a successive summary judgment motion seeking precisely the same relief as before," but may decline to do so where the moving party "has not raised any new facts or arguments which it could not have raised in the first round of briefing." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004); *see also Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004) ("[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion."); *Jackson v. Goord*, No. 06-CV-6172 CJS, 2013 WL 1560204, at *5 (W.D.N.Y. Apr. 10, 2013) ("[N]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization.") (quotation and citations omitted); *Ramos v. SimplexGrinnell LP,* No. 07-CV-981 SMG, 2011 WL 4710814, at *2 (E.D.N.Y. Oct. 4, 2011) (declining to permit second summary judgment motion because it was not supported by additional facts that were not available at the time of the first motion).

In this case, Plaintiffs have not raised any issues in their second motion for partial summary judgment that could not have been raised in the first round of briefing. In fact, Plaintiffs rely on much of the same evidence and arguments they raised in their first motion for partial summary judgment, except now Plaintiffs apparently submit unredacted portions

of pay statements that were previously submitted to the Court in a redacted format.[1] In the August 5th Decision and Order, the Court noted the lack of records regarding certain opt-in plaintiffs, but the Court did consider the pay statements related to the named plaintiffs Ashley Hicks and Kristin Raymond. (*See* Dkt. 205 at 14, 20-21, 23) (discussing information provided on face of pay statements). Nonetheless, for the reasons set forth in its August 5th Decision and Order, the Court determined that summary judgment in favor of either party was not warranted at this stage of the proceedings as to the pay statement claims. (*See* Dkt. 205 at 23-24).

Plaintiffs' current motion for partial summary judgment essentially attempts to reargue that prior motion, albeit with the supplementation of additional pay statements in an unredacted format that, again, could have easily been submitted in connection with the initial motion for partial summary judgment. Successive motions for summary judgment are not the proper vehicle for asking the Court to reconsider a prior holding. *See Siemens Westinghouse,* 219 F.R.D. at 554 ("The Court do[es] not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised."). The Court declines to exercise its discretion to entertain a second motion for partial summary judgment seeking the same relief previously sought by

---

[1] The Court notes that Plaintiffs do not appear to have adequately established the admissibility of the unredacted pay statements, through a factual affidavit or otherwise. *See Greene v. Brentwood Union Free Sch. Dist.,* 966 F. Supp. 2d 131, 139 (E.D.N.Y. 2013), *aff'd,* 576 F. App'x 39 (2d Cir. 2014) ("[T]he evidence proffered by the party opposing summary judgment must be of a type that would be admissible at trial. . . .") (alteration in original); *see also* Fed. R. Civ. P. 56(c)(1)(A).

Plaintiffs, particularly where the evidence submitted by Plaintiffs could have been submitted in connection with the initial motion for partial summary judgment. *See id.*

Moreover, given the procedural history of this case and the parties' demonstrated inclination to file piecemeal dispositive motions, the Court hereby orders that no party may file any further dispositive motions until fact discovery is completed, unless the party seeking to file a dispositive motion obtains leave of this Court and demonstrates in support of any such leave application that good cause exists for the Court to consider another dispositive motion prior to the completion of fact discovery. The Court has the "inherent power to control its docket" as "part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). This inherent power includes "the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Capital, Inc.*, No. 95 CIV. 9067 (SAS), 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997) (ordering completion of discovery prior to filing of summary judgment motion); *see also Riddle v. Claiborne*, No. 00 CIV. 1374 (MBM), 2001 WL 1352456, at *1 (S.D.N.Y. Nov. 2, 2001) (directing plaintiff "not to file any further substantive motions before the close of discovery without leave of the court").

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: November 5, 2014
Rochester, New York