UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | |
|---|---|
| MATTHEW ROACH, MELISSA LONGO, GARRETT TITCHEN, and CHRISTINA APPLE,<br><br>*Plaintiffs*,<br><br>v.<br><br>T.L. CANNON CORP., et al.,<br><br>*Defendants*. | Civil Action No.<br>3:10-cv-00591-TJM-DEP |
| ASHLEY HICKS *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>T.L. CANNON CORP. *et al.*,<br><br>*Defendants* | Civil Action No.<br>3:18-cv-01177 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE FOR PURPOSES OF SETTLEMENT**

                           **THOMAS & SOLOMON LLP**
                            *Attorneys for Plaintiffs*
                            693 East Avenue
                            Rochester, New York 14607
                            (585) 272-0540

Of Counsel:   J. Nelson Thomas
                   Michael J. Lingle
                   Jessica L. Lukasiewicz

## PRELIMINARY STATEMENT

The plaintiffs in these two actions, *Roach, et al. v. T.L. Cannon Corp.*, ("*Roach*") and *Hicks, et al. v. T.L. Cannon Corp.* ("*Hicks*"), seek to consolidate them for purposes of seeking approval of a settlement. In particular, given that the defendants in both cases are the same, counsel for the parties are the same, a number of employees are class members in both cases, and that both cases involve claims arising under wage and hour law, the parties attended a mediation where both cases were settled. For those same reasons, as well as for judicial economy, plaintiffs believe (and defendants do not oppose) that it makes sense to consolidate the actions for purposes of seeking approval of the settlement.

## FACTUAL BACKGROUND

### *Background on the* Roach *action*

As the Court is aware, on May 19, 2010, Named Plaintiffs[1] filed a Class and Collective Action Complaint and Demand for Jury Trial in this Court, which set forth collection action allegations regarding their claims under the FLSA and class action allegations regarding their claims under the NYLL ("Complaint"). *See Roach v. T.L. Cannon Corp.,* No. 10-00591, Docket No. 1. The Complaint alleged that defendants violated the FLSA and NYLL, including, by not paying employees for work performed during meal breaks and not properly paying spread of hours pay. *See id.*

Shortly after commencement of the action, named plaintiffs filed a motion for Rule 23 class certification and conditional certification under the FLSA. *See* Docket No. 13. On January 4, 2011, Magistrate Judge, David E. Peebles issued a Report, Recommendation and Order, granting

---

[1] When this case was first commenced in 2010, the Named Plaintiffs included Ann Marie Rudd, Matthew Roach, Melissa Longo, Jennifer Doty, and Garrett Titchen. On August 15, 2012, an Amended Complaint was filed by the current Named Plaintiffs, Matthew Roach, Melissa Longo, Garrett Titchen, and Christina Apple.

1

conditional certification of the FLSA collective action as to present and former employees of the Applebee's location in which the plaintiffs all principally worked, but recommended denial, without prejudice, of plaintiffs' motion for class certification of their NYLL claim under Rule 23 of the Federal Rules of Civil Procedure, which was adopted by the Court.  *See* Docket Nos. 36, 37.

After discovery, the defendants filed a motion for partial summary judgment as to certain claims pertaining to the named plaintiffs and plaintiffs filed their renewed motion for class certification and conditional certification.  *See* Docket No. 91.  This Court granted in part and denied in part the motion for summary judgment.  Ultimately, including after an appeal to the Second Circuit, the Court granted class certification on plaintiffs' spread-of-hours claim and rest-break claim.  *See* Docket No. 181.

The parties then engaged in additional discovery concerning the class, and defendants filed a motion for decertification on December 16, 2016.  *See* Docket No. 217.  On September 27, 2017 this Court denied Defendants' motion to decertify the Rule 23 classes and the FLSA collective action class.  *See* Docket No. 237.

At the time of settlement, a trial date was pending.

**Background on the Hicks *action***

The Named Plaintiffs, Ashley Hicks and Kristin Raymond, on behalf of themselves and current and former employees, commenced an action in the Western District of New York on September 14, 2012, alleging claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including that they did not receive proper notice of defendants use of the tip credit and were paid subminimum wage even:  a) when the Plaintiffs were performing jobs unrelated to their tipped job; b) when the Plaintiffs were spending more than 20% of their time on jobs that are related to, but not themselves, their tipped jobs; c) on days in which Plaintiffs spent

more than 20% of their work day performing jobs in non-tipped occupations; and d) on days in which the Plaintiffs were assigned to work in an occupation in which tips were not customarily received. *See Hicks v. T.L. Cannon Corp.,* No. 18-cv-01177, Docket No. 1.

During the course of the litigation, the parties engaged in extensive discovery and motion practice. For example, the plaintiffs moved for conditional certification of a collective action under the FLSA as well as for class certification under Rule 23.[2] Both motions were granted. *See* Docket Nos. 139, 205. The parties also filed dispositive motions, including most recently competing motions for summary judgment which the court denied. *See* Docket No. 321.

***The Parties Reached a Settlement***

The parties in the *Hicks* matter attended a number of mediations with three different mediators over the course of the litigation. Declaration of Michael J. Lingle, sworn to October 5, 2018 ("Lingle Decl."), at ¶ 3. The parties in *Roach* also regularly discussed whether the matter could be settled. *Id.,* at ¶ 4.

Ultimately, at the most recent mediation with Stan Matusz, an experienced wage and hour litigator, both cases were settled. *Id.,* at ¶ 5.

**ARGUMENT**

I. **THE *ROACH* AND *HICKS* ACTIONS SHOULD BE CONSOLIDATED UNDER RULE 42(A)**

Based on the Court's broad discretion and in consideration of efficiency, consistency, and judicial economy, the *Roach* and *Hicks* actions should be consolidated under Rule 42(a) for settlement purposes.

---

[2] There are thousands of employees who are class members in both cases.

3

Where actions before a court involve a common question of law or fact, the court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Consolidation is "a powerful tool to expediate litigation by drawing together separate actions sharing common legal or factual questions." 8 Moore's Federal Practice § 42.10 (2018). The Second Circuit has consistently recognized that this Federal Rule gives "[t]rial [c]ourts . . . broad discretion to consolidate pending actions that involve common questions of law or fact." *DuBois v. State of N.Y.*, 966 F. Supp. 144, 149 (N.D.N.Y. 1997) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

In addition, courts employ consolidation in order to "promote efficiency and prevent inconsistent results." *Hayes v. Williamsville Cent. School Dist.*, 506 F. Supp. 2d 165, 172 (W.D.N.Y. 2007); *see also* 8 Moore's Federal Practice § 42.10 (2018) ("When courts find that consolidation will achieve significant savings of time or avoid serious duplication of effort, they are likely to embrace it."). In fact, courts have recognized the consolidation of cases to facilitate the settlement process as a means to promote judicial efficiency. *See generally Kelen v. World Fin. Network Nat. Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014). In *Kelen*, the court concluded that the consolidation of three cases, all of which involved the same defendant, would lead to "a more expeditious settlement and the simultaneous and efficient resolution of all claims." *Id.* at 63.

In exercising its discretion, the court must also "balance the benefits gained in judicial efficiency with the possible prejudice" which may result. *Mellon v. Monarch Recovery Mgmt., Inc.*, Nos. 17-cv-2695 (ADS)(ARL), 17-cv-2710 (ADS)(SIL), 17-cv-2741 (ADS)(SIL), 2017 WL 4776738, at *2 (E.D.N.Y. Oct. 17, 2017) (citing *Johnson*, 899 F.2d. at 1284)). However, the fact that all parties support consolidation is "a consideration which weighs heavily against the potential

4

for prejudice." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see also Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-105 (E.D.N.Y. 2005) ("[I]t is apparent that no party will suffer prejudice from consolidation, a fact confirmed by the complete absence of any opposition thereto."); *Doshi v. Gen. Cable Corp.*, Nos. 13 Civ. 7409 (RA), 13 Civ. 8634 (RA), 2014 WL 12774226, at *1 (S.D.N.Y. Feb. 5, 2014) ("[T]he fact that there are no objections to consolidation suggests that no party will be prejudiced by it.").

Here, the plaintiffs move to have the actions, *Roach* and *Hicks*, consolidated for settlement purposes.  These actions are ripe for consolidation because thousands of class members have claims in both actions; both actions have the same defendants and the same counsel; and both actions involve wage and hour claims.

Further, consolidating these actions would promote efficiency. Granting consolidation would enable the parties to submit briefing on the settlement in a single action and have that briefing heard before a single judge.  Thus, if these actions are consolidated, the parties, through a single settlement, can reach an efficient resolution of all claims.

Lastly, the gains in efficiency accomplished through consolidation should not be hindered by any risks of potential prejudice.  Here, defendants do not oppose plaintiffs' motion for consolidation.  Accordingly, in the interest of efficiency, consistency, and judicial economy, *Roach* and *Hicks* should be consolidated under Rule 42(a).[3]

## CONCLUSION

Based on the foregoing, the plaintiffs respectfully request that the two matters be consolidated for settlement purposes only.

---

[3] The plaintiffs note that in the event the settlement does not receive final approval, the parties have agreed that the *Hicks* case should be transferred back to the Western District of New York for further proceedings.

Dated: October 5, 2018

                        **THOMAS & SOLOMON LLP**

By:    <u>s/ Michael J. Lingle</u>
        J. Nelson Thomas, Esq.
        Michael J. Lingle, Esq.
        Jessica Lukasiewicz, Esq.
        *Attorneys for* Plaintiffs
        693 East Avenue
        Rochester, New York 14607
        Telephone: (585) 272-0540
        nthomas@theemploymentattorneys.com
        mlingle@theemploymentattorneys.com
        jlukasiewicz@theemploymentattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, a copy of Plaintiffs' Unopposed Motion to Consolidate for Settlement Purposes, Memorandum of Law in Support, and Declaration of Michael J. Lingle were electronically filed with the Clerk of the Court using the CM/ECF system which will send such notification to all counsel of record.

Dated: October 5, 2018

**THOMAS & SOLOMON LLP**

By:  s/ Michael J. Lingle
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Jessica Lukasiewicz, Esq.
*Attorneys for* Plaintiffs
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com