UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

MATTHEW ROACH, et al.,

                      *Plaintiffs*,

v.

T.L. CANNON CORP. et al.,

                      *Defendants*.

**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Lead Case
Civil Action No.
3:10-cv-591 (TJM/DEP)

ASHLEY HICKS et al.,

                      *Plaintiffs*,

v.

T.L. CANNON CORP. et al.,

                      *Defendants*

Member Case
Civil Action No.
18-cv-01177

**WHEREAS,** Named Plaintiffs Matthew Roach, Melissa Longo, Garrett Titchen, Christina Apple, Ashley Hicks, and Kristen Raymond, for themselves and on behalf of the proposed settlement classes, and T.L. Cannon Corp., T.L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC, TLC North, LLC, David A. Stein, Matthew J. Fairbairn, and John A. Perry ("Defendants"), for themselves, have contingent on Court approval, entered into a Settlement Agreement that is intended to resolve *Roach v. T.L. Cannon Corp.*, 10-cv-591 and *Hicks v. T.L. Cannon Corp.*, 18-cv-01177 (hereinafter referred to as the "Actions");

**WHEREAS,** on October 16, 2018, plaintiffs filed an unopposed motion for preliminary approval of the settlement;

**WHEREAS,** on October 23, 2018, plaintiffs filed a supplemental declaration in further support of their motion for preliminary approval of the settlement;

**WHEREAS,** on October 25, 2018, the Court entered an order granting preliminary approval of the Settlement and preliminarily certifying the settlement classes (the "Preliminary Approval Order"); and

**WHEREAS,** pursuant to Federal Rule of Civil Procedure 23, Class Members were given the opportunity to make a claim, request to be excluded from the settlement, and/or object to the Settlement; and

**WHEREAS,** on February 28, 2019, the Court held a Final Approval Hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED,** upon consideration of the Settlement Agreement, and all papers filed and proceedings held in the Actions, as follows:

1. Capitalized terms used in this Order and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the claims alleged, the Parties in the litigation, and the implementation and administration of the Settlement Agreement.

3. The Settlement Agreement, and the Settlement contained therein, is hereby fully, finally, and unconditionally approved in all respects, and the parties are hereby directed to implement its terms. The Court finds that the Settlement is fair, reasonable, and adequate in all respects. The Court finds that the Settlement is fair, reasonable, and adequate as to each Class Member. The Court finds that extensive investigation, research, and litigation was conducted such that counsel for all parties are able to evaluate the respective risks of further litigation, including the additional costs, uncertainty, and delay associated with further prosecution of the Actions. The Court also finds that the settlement is the result of good faith, extensive, arms' length negotiations

between experienced counsel with the assistance of several independent and knowledgeable mediators.

4. The Court finds that the Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Settlement Classes based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the reasonableness of the settlement fund in light of the best possible recovery; and (9) the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

5. The Court confirms as final its certification of the settlement classes, as defined in the Settlement Agreement and in Paragraphs 4 of this Court's October 25, 2018 Preliminary Approval Order.

6. The Court confirms as final its finding that Named Plaintiffs Matthew Roach, Melissa Longo, Garrett Titchen, Christina Apple, Ashley Hicks, and Kristen Raymond are adequate class representatives for the settlement classes and confirms as final its appointment of them as the class representatives of the settlement classes.

7. The Court confirms as final that J. Nelson Thomas and Michael J. Lingle of the firm Thomas & Solomon, 693 East Avenue, Rochester, New York and Frank S. Gattuso from Gattuso & Ciotoli, PLLC, The White House, 7030 East Genesee Street, Fayetteville, New York, are adequate to serve as Class Counsel for the settlement classes.

8. The Notice and Claim Form that were sent to the Settlement Classes pursuant to this Court's October 25, 2018 Preliminary Approval Order were accurate, objective and informative and were the best practicable means of providing reasonable notice to Class Members of, among other things: (a) the proposed Settlement and its effect, (b) the process available to them to request a payment under the Settlement, (c) how they may object or opt-out, (d) the time and place of the Final Approval Hearing, and (e) the applications to be made by Class Counsel for attorneys' fees and costs and service payments for the Named Plaintiffs. The Court finds that notice of these matters to the Class Members was accomplished in all material respects and that such notice fully met the requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws.

9. The Settlement and the Settlement Agreement are binding in all respects on the Named Plaintiffs and all Class Members who did not timely submit a valid and effective Opt-Out Statement pursuant to the provisions of the Settlement Agreement.

10. The Court finds that the Settlement Agreement's provisions for the funding of the qualified settlement fund and for the distribution of funds from that account, including, without limitation, the Settlement Agreement's provisions for the payment of individual awards to the Named Plaintiffs are fair, reasonable, and adequate. The Court orders that the qualified settlement fund be funded as necessary pursuant to the terms of the Settlement Agreement and that payments be made according to the provisions of the Settlement Agreement following the Final Effective Date of the Settlement Agreement.

11. The Court finds that the administrative costs in the amount of $69,889.00 are reasonable and approves payment to the Claims Administrator of such administrative costs

from the Qualified Settlement Fund as specified in the Settlement Agreement following the Final Effective Date of the Settlement Agreement.

12. The Court has reviewed the releases set forth in Section IX of the Settlement Agreement and the claim form and finds that they are fair, reasonable, and enforceable under the Fair Labor Standards Act and all other applicable laws. Class Members are accordingly forever barred and enjoined from prosecuting those released claims.

13. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants do not admit any violation of law and do not admit any liability to the Named Plaintiffs or the settlement classes, individually or collectively. Neither the Settlement Agreement nor any other papers submitted to this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against any of the Parties for any purpose in the Actions or any other suit, action, or proceeding, except that the Settlement Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

14. If, for any reason, the settlement is terminated pursuant to the Settlement Agreement, or the Final Effective Date of the Settlement Agreement does not occur, the Settlement Agreement shall be deemed null and void, *Roach* and *Hicks* shall no longer be consolidated, *Hicks* shall be severed and transferred back to the Western District of New York, and the Settlement Agreement and this Order shall not be used for any purpose whatsoever in any further proceeding(s) in either case, or in any other suit, action, or proceeding; and the Parties will be returned to their respective positions, *nunc pro tunc* as those positions existed immediately prior to the execution of the Settlement Agreement.

15. In accordance with Section VII of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of $1,500,000.00 and costs in the amount of $156,766.44 to be paid from the Qualified Settlement Fund as specified in the Settlement Agreement following the Final Effective Date of the Settlement Agreement. Such an award is reasonable in light of the effort expended and the risk undertaken by Class Counsel and the results of such efforts.

16. In accordance with Section VIII of the Settlement Agreement, Named Plaintiffs Matthew Roach, Melissa Longo, Garrett Titchen, Christina Apple, Ashley Hicks, and Kristen Raymond are hereby awarded enhancement service payment in the amount of $10,000 each to be paid from the qualified settlement fund as specified in the Settlement Agreement following the Final Effective Date of the Settlement Agreement.

17. The Final Effective Date of the Settlement is April 1, 2019, a date which shall not occur before the first business date after all the following events and conditions have been met or have occurred: (1) the Court enters a Final Approval Order and Final Judgment; (2) the deadline has passed without action to terminate the Settlement Agreement; and (3) the time to appeal from, or file a motion for rehearing or reconsideration of, the Final Approval Order has expired and no notice of appeal or motion to rehear/reconsider is filed, or in the event that an appeal or motion to rehear/reconsider is filed, the appellate process is exhausted for the appeal or motion to rehear/reconsider and the Final Approval Order has not been modified, amended, or reversed in any way.

18. Within three (3) calendar days of the Final Effective Date, Class Counsel's fees, costs and expenses shall be paid via electronic transfer to Thomas & Solomon.

19. Within thirty (30) calendar days of the Final Effective Date, the Claims Administrator shall mail Settlement Payments to Authorized Claimants.

20. Upon the Final Effective Date of the Settlement Agreement, the Actions shall be dismissed with prejudice and in their entirety. The parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order. The Court shall retain jurisdiction over this Action for the purpose of resolving any issues relating to the administration, implementation, or enforcement of the Settlement Agreement and this Order.

IT IS SO ORDERED this 28th day of February 2019.

Honorable Thomas J. McAvoy
United States District Judge